IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00366-BNB

JEFFREY DAVID SIZEMORE,

Plaintiff,

v.

OFFICER J. WILCOX,
OFFICER B. HANNA,
OFFICER P. TODD,
OFFICER SANDOVAL,
OFFICER WALK,
OFFICER GROW,
OFFICER SUDDOTH,
OFFICER MARTINEZ,
OFFICER TROUTMAN,
COUNSELOR LAW,
UNIT MANAGER G. LYDE,
NURSE MS. VINION [not sure of spelling],
PA-1 CAMACHO,
LT. HESS,
CAPT. KLEIN,
CAPT. BAUER, H[eath] S[ervices] A[dministrator],
A[SSOCIATE] W[ARDEN] VINEYARD,
WARDEN WILNER,
CASE MANAGER BIEKER,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jeffrey David Sizemore, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI-Florence). He filed *pro se* a complaint for money damages, in which he failed to allege jurisdiction, in the United States District Court for the District of New Mexico (District of New Mexico). The District of New Mexico granted Mr. Sizemore

leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing, and transferred the case to this Court.

The Court must construe Mr. Sizemore's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sizemore will be directed to file an amended complaint.

Mr. Sizemore alleges that FCI-Florence officers have refused to honor a front-cuffs-only permit written in 2007 by physician's assistant, Pat Camacho, who is a named defendant. He further alleges that the defendants have assaulted him, ignored his serious medical condition, and caused him substantial pain, apparently from cuffing him behind his back. He fails to specify what constitutional protections the defendants' actions have violated.

Mr. Sizemore must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Sizemore must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Wilner or Associate Warden Vineyard, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of*

*Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Sizemore may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Sizemore uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended complaint Mr. Sizemore will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Sizemore to state a claim in federal court, his "complaint must

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Sizemore, therefore, will be directed to file an amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Jeffrey David Sizemore, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Sizemore, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Sizemore fails to file an amended complaint asdirected within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 1, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.10-cv-00366-BNB

Jeffrey D. Sizemore
Reg No. 31807-051
FCI Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/1/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk